IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

PRISCILLA A. DOUCETTE
    Plaintiff,
v.

SEAN DOUCETTE, both as Trustee
of the Doucette Family Trust
and Individually
40 Pinkham Notch Road
Jackson, NH 03846

and

KINLEY DOUCETTE
440 W 88th St. Apt. 14A
New York, NY 10019
    Defendants

Civil Action No. 25-CV-2005

COMPLAINT FOR BREACH OF TRUST, ACCOUNTING, SURCHARGE, AND REMOVAL OF TRUSTEE

JURISDICTION

This action is based on diversity of citizenship and amount in controversy under 28 U.SC. §1332. The Plaintiff is a citizen of Virginia and Defendant Sean Ducette is a citizen of the State of New Hampshire and Kinley Doucette is a citizen of the State of New York. The amount in controversy is in excess of $75,000.

FACTS COMMON TO ALL COUNTS

1. Priscilla Antigone Doucette (herein called Antigone) and Christopher Doucette created the Living Trust for Christopher Doucette and Priscilla A. Doucette on January 3, 2002 while residents of the City of Alexandria, Virginia. The Trust was amended on June 18, 2010. The amended trust is attached hereto and incorporated herein as Exhibit A.

2. On August 27, 2022, Christopher Doucette died and Antigone became the Trustee.

3. Pursuant to Article Seven of the Trust, it was divided into Christopher's share and Priscilla's share.

4. Christopher's share went into the Family Trust.

5. Antigone served as trustee.

6. Antigone became ill and needed full time health care assistance and Sean Doucette sent threatening and demanding emails that she resign.

7. After discussions with Sean and much reflection, Antigone resigned on August 22, 2024. A copy of her resignation is attached hereto and incorporated by reference herein as Exhibit B..

8. Upon her resignaton, Sean Doucette took over as Trustee.

9. The Trust provided in Article Nine that during her lifetime, Antigone is the primary beneficiary of the Family Trust.

10. The Family Trust provides that she is to receive all income from the Family Trust and such principal as is needed for health, education maintenance and support.

11. Contrary to his assurances as shown by his acceptance of her resignation, Sean Doucette ceased making payments to health, education and support from the Trust to Antigone and demanded that she provide proof of her resources.

12. For several months Ms. Doucette through her attorney asked for an accounting.

13. Finally, Sean Doucette provided Exhibit C which is inadequate in that it does not state current assets, does not report income or gains and losses in the Trust.

14. The accounting reflected that within months of his becoming Trustee, Sean Doucette immediately distributed $250,000 to himself and $150,000 to the other remainder beneficiary.

15. The Trust does not permit distributions of principal to Sean Doucette until after Antigone's death. Article Nine, Paragraph 1.

16. The Distributions to Kinley Doucette appear to be evening out of the distributions to himself and there is no indication that she had need for them for her health, education, support or maintenance.

17. These distributions are also ultra vires in that they violate Article Fifteen, Section 5.

18. One result of this reduction of principal is to reduce income which Antigone is absolutely entitled to receive.

19. On information and belief Sean Doucette is unemployed.

20. Sean Doucette lives in Jackson, New Hampshire.

21, Kinley Doucette is an interested party and is joined for that reason and because she is named Successor Trustee.

## COUNT I -- BREACH OF TRUST ACCOUNTING AND SURCHARGE

22. Plaintiff repeats and realleges paragraphs 1-21 and incorporates them by reference herein.

23. The Accounting provided was inadequate.

24. Defendant, Christopher Doucette admitted to removing $250,000 from the Trust without consent of the income beneficiary and contrary to the express language of the Trust.

25. Defendant. Christopher Doucette is a current remainderman beneficiary of the Trust, but that is only if Plaintiff fails to exercise her limited Power of Appointment in Article V, Section 2. WHEREFORE. we pray that the Defendant, Sean Doucette be ordered to prepare a proper accounting, and that any amounts taken contrary to the terms of the Trust be paid back to the Trust with interest from the date of removal by the Trustee personally, plus costs and attorneys fees and such other and further relief as the Court deems just and proper.

## COUNT II - REMOVAL OF TRUSTEE

26. Plaintiff repeats and realleges Paragraphs 1-25 and incorporates them by reference herein.

27. Because of the ultra vires actions of the Trustee and failure to properly account, Sean Doucette should be removed as Trustee.

28. Because Sean Doucette made distributions to Kinley Doucette on information and belief solely to even out the distributions to himself on the exact same date which indicates her complicity in his actions, she should not be permitted to serve as Successor Trustee.

29. An independent Trustee should be appointed by this Court.

WHEREFORE, Plaintiff prays this Honorable Court to remove Sean Doucette and appoint an independent trustee and order all financial institutions involved to give access to the substitute trustee, plus costs and attorneys fees and such other and further relief as the Court deems just and proper.

## COUNT III - SURETY BOND FOR TRUSTEE

30. Plaintiff repeats and realleges paragraphs 1-29 and incorporates them by reference herein.

WHEREFORE, should the Court determine that the Defendant should not be removed or that Kinley Doucette be permitted to serve as Trustee, and pursuant to §64.2-755 Va. Code, Plaintiff prays that the Court require bond with surety of the Trustee and if the named Trustee is unable to secure a surety bond that an Independent Trustee be appointed plus costs and attorneys fees and such other and further relief as the Court deems just and proper.

Respectfully submitted,
Priscilla A. Doucette
By Counsel

/s/ John F. Rodgers
John F. Rodgers (Bar No. 18601)
510 King Street, Suite 301
Alexandria, VA 22314
Telephone (703) 684-2000
Facsimile (703) 684-5109
jfrodgers@rpb-law.com

Case 1:25-cv-02005-LMB-WEF    Document 1    Filed 11/10/25    Page 5 of 5 PageID# 5